Original
No. 81-326

## CHRISTOPHER J. ARSENAULT

v.

## ABBOTT FURNITURE CORPORATION & a.

June 9, 1982

*Peter S. Espiefs*, of Keene, by brief and orally, for the plaintiff.

*Gregory H. Smith*, attorney general (*Loretta S. Platt*, attorney, on the brief and orally), for the New Hampshire Department of Labor.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* on the brief and orally), for Abbott Furniture Corporation and Liberty Mutual Insurance Company.

PER CURIAM. In March 1979, the plaintiff injured his thumb during the course of his employment at the Abbott Furniture Corporation. The plaintiff's doctor stated that the plaintiff had sustained a 55% impairment of function of the thumb and a 22% impairment of function of the hand.

Employees are paid for permanent bodily loss in accordance with the schedule set out in RSA 281:26. For total loss of a thumb,

they are entitled to 50 weeks of compensation. RSA 281:26 I(e). If they lose two or more digits, employees are entitled to "an award proportioned to the loss of use of the hand. . . ." RSA 281:26 I(s). Total loss of a hand entitles the employee to 175 weeks of compensation. RSA 281:26 I(c).

The labor department awarded the plaintiff 55% of 50 weeks of compensation because his use of his thumb had been impaired only 55%. The plaintiff therefore received payment at a weekly rate of $80 for 27.5 weeks, or a total of $2,200.

The plaintiff contends that he should have been compensated according to the amount of injury sustained by his hand, and not according to the amount of injury sustained by his thumb. Thus, he asserts, his compensation should be the amount of loss sustained by his hand (22%) multiplied by 175 weeks, or 38.5 weeks of compensation. The crux of the plaintiff's argument is that the statute unconstitutionally denies him equal protection of the laws because those who suffer injury to two or more digits are able to recover for loss of function of the entire hand, whereas those who suffer injury only to the thumb can recover only for impairment to the thumb. His contention is that individuals who are similarly situated are not similarly treated, because compensation depends upon whether one or more digits were injured. *See Boehner v. State*, 122 N.H. 79, 84, 441 A.2d 1146, 1149 (1982). The plaintiff's argument has no merit.

■ RSA 281:26 I does not abridge a fundamental constitutional right, adversely affect a suspect class, *see Estate of Cargill v. City of Rochester*, 119 N.H. 661, 667, 406 A.2d 704, 707 (1979), or affect a right that we find "sufficiently important to require . . . a more rigorous judicial scrutiny" than the rational relation test. *See Carson v. Maurer*, 120 N.H. 925, 931–32, 424 A.2d 825, 830 (1980). Our inquiry is whether the classification created by RSA 281:26 I is rationally related to the object of the legislation. *See State v. Boehner*, 122 N.H. at 84, 441 A.2d at 1149.

■ The legislature's rationale for treating those who sustain thumb injuries differently than those who sustain injuries to two or more digits is not articulated in the statute's legislative history; however, the statute on its face meets the rational relation test. RSA 281:26 awards benefits as follows: total loss of thumb, 50 weeks; total loss of index finger, 31 weeks; total loss of middle finger, 26 weeks; total loss of ring finger, 19 weeks; and total loss of little finger, 13 weeks. RSA 281:26 I(e)–(i). The statute treats each digit, including the thumb, individually. Only when two or more digits are injured is the employee entitled to compensation for the

injury to his entire hand. We disagree with the plaintiff that this statutory scheme is irrational.

*Affirmed.*