Original
No. 91-175

## PETITION OF STEPHEN MARKIEVITZ
## (New Hampshire Department of Labor)

April 16, 1992

*Marshall D. Hickok*, of Manchester, by brief and orally, for the petitioner.

*Devine, Millimet & Branch P.A.*, of Manchester (*Stephen J. Schulthess* on the brief and orally), for the respondent, Coca Cola Bottling Company.

HORTON, J.   The petitioner, Stephen Markievitz, seeks a writ of certiorari to review the decision of the New Hampshire Department of Labor denying his claim for permanent partial disability benefits. He argues that the labor department erred in failing to apply the amended version of RSA 281-A:32, IX (Supp. 1991), which allows a permanent partial disability award for injuries to the spinal column or spinal cord. For the reasons that follow, we vacate and remand.

On May 4, 1988, while lifting cases of soft drinks for his employer, Salem Coca-Cola, the petitioner sustained an injury to his lower back. He suffered a recurrence of lower back pain on June 7, 1989, again while lifting soft drink cases. After a period of conservative treatment, the petitioner underwent disc surgery on November 3, 1989. Thereafter, on September 6, 1990, the petitioner's orthopedic surgeon determined that the petitioner had reached a medical endpoint, *i.e.*, that point at which additional medical treatment was unlikely to change his condition. As a result, the surgeon assessed a "whole person permanent impairment" (a scale used to measure the degree of permanent impairment) of nineteen percent due to symptoms in the petitioner's spinal column, and an impairment of five percent due to symptoms localized in the petitioner's left leg. Based on this evaluation, the petitioner filed a claim for permanent partial disability benefits. The labor department denied his claim on April 16, 1991.

Under RSA 281-A:32, XII (Supp. 1991), permanent impairment awards of the labor department are final. Therefore, certiorari is the proper remedy. *See Petition of Dependents of Doran*, 123 N.H. 429, 431, 462 A.2d 114, 116 (1983).

> "[O]ur opinions have consistently pointed out that on certiorari it is not open to this court to make de novo findings or to revise those made by the commission. The only question before us is whether the commission has acted illegally in respect to jurisdiction, authority or observance of the law, thereby arriving at a conclusion which could not legally or reasonably be made."

*Tasker v. N.H. Personnel Comm'n*, 115 N.H. 204, 206, 338 A.2d 543, 544 (1975).

The employer raises a threshold argument that the petitioner's right to a permanent impairment award is not ripe. The petitioner underwent a spinal fusion procedure subsequent to his labor depart-

ment hearing. Therefore, the employer argues, the petitioner had not reached maximum medical improvement at the time of his hearing. Because the effect of the fusion surgery on the petitioner's impairment can be properly evaluated by the labor department on remand, and for the sake of judicial economy, we address the merits of the petitioner's argument.

The law in effect when the petitioner was injured provided no permanent partial disability awards for injury to the spinal column or spinal cord. *See* RSA 281-A:32, IX (Supp. 1988). In 1989 the law was amended to add a scheduled award for certain permanent spinal disabilities arising out of work-related injuries. Laws 1989, 294:4. The amendment applies to "all workers' compensation *claims* arising on or after July 1, 1989." Laws 1989, 294:9 (emphasis added).

The petitioner argues that a "claim" for a permanency award cannot arise until permanency has been established. The employer, on the other hand, contends that "claim" is synonymous with "injury" and that, therefore, the amendment applies only to *injuries* arising after July 1, 1989.

■ The term "claim" is not defined in the workers' compensation law. *See* RSA 281-A:2 (Supp. 1991). Consequently, we will construe the term according to its plain meaning in the context of the statutory scheme of which it is a part. *Appeal of Higgins-Brodersen*, 133 N.H. 576, 579, 578 A.2d 868, 870 (1990).

The common meaning of "claim" is "a demand for compensation, benefits or payment (as one made in conformity with provisions . . . of a work[ers'] compensation law)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 414 (unabridged ed. 1961). With this definition in mind, we conclude that the employer's contention that "claim" means "injury" is incorrect. The petitioner could not properly make "a demand for compensation, benefits or payment" under the permanent partial disability framework of the workers' compensation act *before* the permanency of his impairment became evident.

We have previously noted that in cases dealing with compensation for permanent loss of use, "'[i]t is permanency which is essential because it is only for a *permanent* loss, not for any loss, that the statute provides benefits.'" *Petition of Lapinski*, 126 N.H. 772, 776, 497 A.2d 841, 844 (1985) (quoting *Fogarty v. State of R.I.*, 103 R.I. 228, 230–31, 236 A.2d 247, 248 (1967)). "Hence, the critical period of time for the purpose of determining when a loss occurs is the time at which the permanency of the loss becomes evident." *Id.*

The loss triggering a claimant's entitlement to a scheduled award may occur either at the time of the injury itself or, if permanency is

not assessable at that time, when sound medical opinion has determined that "further medical treatment will be of no avail and that the loss is permanent." *Id.* at 778, 497 A.2d at 845. In this case, although the petitioner was injured on May 4, 1988, the permanency of his injury was not determined until September 6, 1990. Therefore, prior to September 6, 1990, the petitioner had no right to "claim" a permanent partial impairment award based on injury to the spinal column, and his employer had no obligation to provide such compensation. *See Petition of L'Heureux*, 132 N.H. 498, 501, 567 A.2d 186, 187–88 (1989); *Ranger v. N.H. Youth Dev. Center*, 117 N.H. 648, 651, 377 A.2d 132, 134 (1977).

■ ■ "As we have stated before, given the remedial nature of workers' compensation laws, all reasonable doubts will be liberally construed in a manner that favors the injured employee." *L'Heureux*, 132 N.H. at 501, 567 A.2d at 188. We conclude that a "claim" for a permanency award for purposes of Laws 1989, 294:9, arises when the permanency of the injury is determined. We hold that the labor department erred by ruling that RSA 281-A:32, IX (Supp. 1991) was inapplicable to the petitioner's claim for a partial permanent disability award for his spinal column injury.

■ The employer maintains that the labor department's interpretation of the applicability of RSA 281-A:32, IX (Supp. 1991) is entitled to deference, because the labor department is the administrative agency charged with administering the workers' compensation act. *See* RSA 281-A:2, II, :60 (Supp. 1991). "While we ordinarily give deference to administrative interpretation of a statute, such an interpretation is not controlling where, as here, it is plainly incorrect." *Chambers v. Geiger*, 133 N.H. 149, 153, 573 A.2d 1356, 1358 (1990).

■ The employer also contends that a permanent partial disability award for spinal injuries arising from a work-related injury that occurred prior to the effective date of the amendment would be a retrospective application of law violative of part I, article 23 of the New Hampshire Constitution. Because the petitioner's claim, and the employer's obligation to pay, arose when the permanency of the petitioner's injury was determined, not when he was injured, the application of the amendment in this case does not entail the retrospective application of law. *See L'Heureux*, 132 N.H. at 501, 567 A.2d at 188.

*Vacated and remanded.*

All concurred.