Original
No. 92-456

## PETITION OF PAUL BLACKFORD
### (New Hampshire Department of Labor)

December 23, 1993

*Upton, Sanders & Smith*, of Concord (*David P. Slawsky* on the brief and orally), for the petitioner.

*Devine, Millimet & Branch*, of Manchester (*Richard E. Galway* on the brief and orally), for the respondents, Monitor Publishing Company and United States Fidelity Guarantee Company.

BATCHELDER, J.   The petitioner, Paul Blackford, seeks a writ of certiorari to review the decision of the New Hampshire Department of Labor denying him a permanent impairment award under RSA 281-A:32 (Supp. 1992). He argues that the hearing officer erred by not awarding him benefits for a scheduled permanent impairment, *see* RSA 281-A:32, I, VII, or, in the alternative, for permanent impairment to the whole person, *see* RSA 281-A:32, IX, for neurological damage caused by a head injury on the job. Because we hold that the petitioner was entitled to an award for an impairment to the whole person, we vacate and remand.

In August 1979 the petitioner was eighteen years old and worked at a summer job for the Monitor Publishing Company. As the result of a serious motor vehicle accident during the course of his employment, he sustained a traumatic brain injury. When discharged from the hospital, the petitioner was diagnosed with right hemiparesis, or partial paralysis of his right arm and leg. A seizure disorder was diagnosed in 1981, along with residual hemiparesis.

In 1991 the petitioner was examined by Dr. John H. Robinson, a neurologist. As a result of his examination and a review of pertinent medical records, Dr. Robinson found that, due to the brain injury, the petitioner had "traumatic encephalopathy with cognitive and emotional control deficits in addition to partial complex epilepsy[,] . . . a partial right IIIrd-nerve palsy and very mild right hemiparesis." According to Dr. Robinson, "[the petitioner's] injuries and conditions are permanent." Referring to the "American Medical Association Guides to the Evaluation of Permanent Impairment" (AMA Guides), Dr. Robinson assessed a thirty-five percent impairment of complex integrated cerebral functions, a thirty percent impairment for emotional disturbances, and "an episodic neurological disorder of 20% impairment of whole person function." Dr. Robinson concluded with an assessment of "whole person permanent impairment" (a scale which measures the degree of permanent impairment) of thirty-five percent.

The labor department held a hearing in June 1992 to determine the petitioner's entitlement to a scheduled permanent impairment award pursuant to RSA 281-A:32. By letter dated July 15, 1992, the department denied the claim. Referring to submitted reports, the hearings officer stated that "the claimant suffers episodic neurologic disorder which is evaluated by Dr. John Robinson" who reached "a whole person impairment of 35 percent." Noting that the statute provides for compensation for the loss of use of certain enumerated body parts, the hearings officer denied the claim because there had been "no estimate as to loss of function of any one of the scheduled body parts."

█ Because permanent impairment awards of the labor department are final, *see* RSA 281-A:32, XII (Supp. 1992); *but see* Laws 1993, ch. 226 (effective January 1, 1994), the appropriate remedy is certiorari. *Petition of Markievitz*, 135 N.H. 455, 456, 606 A.2d 800, 801 (1992); *but see* Laws 1993, ch. 226 (effective January 1, 1994). In our review of the labor department decision, the only issue is "whether the [department] has acted illegally in respect to jurisdiction, authority or observance of the law, thereby arriving at a conclusion which could not legally or reasonably be made." *Markievitz*, 135 N.H. at 456, 606 A.2d at 801 (quotation omitted).

The essence of the petitioner's argument is that, as a result of his work-related head injury, he suffers from a permanent seizure disorder that results in his total impairment for the duration of each seizure. Each body part specified in the statute for compensation due to loss or loss of use is thereby rendered impaired, resulting in Dr. Rob-

inson's assessment of a percentage of whole person impairment. The petitioner analogizes his situation to that of the comatose claimant in *Corson v. Brown Products, Inc.*, 119 N.H. 20, 397 A.2d 640 (1979), where we held that the claimant was entitled to benefits for permanent impairment, having "lost the use of every member of his body." *Id.* at 21, 397 A.2d at 641.

We agree. A fair inference from the evidence presented to the hearings officer is that during the episodes in which the petitioner suffers seizures, he loses the use of all of the parts of his body. RSA 281-A:32, IX sets forth the benefits to be awarded in cases where more than one of the body parts scheduled in preceding paragraphs of the statute are impaired. It provides in pertinent part:

> "If an injury results in more than one permanent bodily loss specified in paragraphs I–VIII, or if the injury is to the spinal column or the spinal cord, an award shall be made on the basis of a maximum of 350 weeks with the appropriate number of weeks to be determined in proportion to the maximum in accordance with the percent of the whole person specified for such bodily losses in the most recent edition of 'Guides to the Evaluation of Permanent Impairment' published by the American Medical Association."

RSA 281-A:32, IX.

Dr. Robinson found a total whole person impairment of thirty-five percent. Of this total, twenty percent was assessed for the episodic seizure disorder. The balance he attributed to emotional disturbance and "impairment of complex integrated cerebral functions." As these impairments would apparently result in loss of brain function, and as the brain is not a scheduled body part under the statute, the department properly denied an award therefor. The seizure disorder, however, would result in physically manifested losses of use of all parts of the body.

The respondents argue that the labor department correctly denied an award because the petitioner failed to meet his burden to show the extent of loss of use of specific parts of the body. We do not read the statute so narrowly. While other paragraphs of RSA 281-A:32 provide compensation for specified body members, RSA 281-A:32, IX allows an award when several losses combine to result in a loss that may be measured with respect to the whole person, with the percent of the person "lost" assessed with reference to the AMA guides. *See* RSA 281-A:32, IX. Dr. Robinson expressly referred to the AMA Guides in arriving at his evaluation that the petitioner "has

an episodic neurologic disorder of 20% impairment of whole person function." There is no evidence that the respondents challenged this calculation before the labor department.

The respondents also argue that the petitioner's impairment is not permanent, as required by the statute, because it is described by Dr. Robinson as episodic. Contrary to the respondents' interpretation, we do not understand the term "episodic" as used by the doctor to mean non-permanent, in the sense of temporary, but rather to mean occasional or appearing at irregular intervals. *See* 1C A. LARSON, WORKMEN'S COMPENSATION LAW § 57.13, at 10–64 to 10–65 (1993); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 765 (unabridged ed. 1961). This episodic neurologic disorder was in fact diagnosed by Dr. Robinson as permanent. For the rest of the petitioner's life, therefore, he will be subject to seizure episodes. His impairment is thus permanent.

Our interpretation of RSA 281-A:32 as providing for an award for petitioner is consistent with our past decisions: "[G]iven the remedial nature of workers' compensation laws, all reasonable doubts will be liberally construed in a manner that favors the injured employee." *Markievitz*, 135 N.H. at 458, 606 A.2d at 802 (quotation omitted). The statute provides for an award based on permanent impairment to the "whole person" when injury results in total or partial loss of use of more than one scheduled body part. *See* RSA 281-A:32, IX. The petitioner sustains such a loss each time he has a seizure, and to that extent his doctor concluded that twenty percent of his "whole person function" is impaired. We hold that the labor department erred in ruling that the petitioner failed to demonstrate a potential compensable loss of use. We therefore reverse and remand for reconsideration on the existing record in the light of this opinion.

*Vacated and remanded.*

All concurred.