Hillsborough-northern judicial district
No. 99-164

## LEONARD EMOND, M.D.

### v.

## NEW HAMPSHIRE DEPARTMENT OF LABOR

April 4, 2001

*Bussiere & Bussiere, P.A.*, of Manchester (*Emile R. Bussiere, Jr.* on the brief and orally), for the plaintiff.

*Philip T. McLaughlin*, attorney general (*Wynn E. Arnold*, senior assistant attorney general, and *Michael A. Ricker*, attorney, on the brief, and *Mr. Ricker* orally), for the State.

NADEAU, J. The plaintiff, Leonard Emond, M.D., appeals the decision of the Superior Court (*Lynn*, J.) dismissing his petition for injunctive and declaratory relief in favor of the defendant, the New Hampshire Department of Labor (DOL). We affirm.

The trial court assumed the truth of the following facts in granting the DOL's motion to dismiss. The plaintiff has been a licensed orthopedic surgeon in New Hampshire since 1964. He is certified by the American Board of Neurological and Orthopedic Surgery and the National Association of Disability Evaluating Physicians, neither of which are boards recognized by the American Board of Medical Specialties (ABMS).

Since 1963, the plaintiff has performed independent medical examinations (IMEs) of workers' compensation claimants. In 1996, the Workers' Compensation Law was amended to provide:

> Any health care provider conducting independent medical examinations under this chapter shall be certified by the appropriate specialty board as recognized by the American Board of Medical Specialties or obtain the approval of the commissioner for those specialties not recognized by such board.

RSA 281-A:38, II (1999). Although the plaintiff is licensed to practice orthopedic surgery, and eligible to become board certified by the appropriate specialty board recognized by the ABMS, he has not been so certified.

In 1997, the plaintiff sought the labor commissioner's approval to continue to perform IMEs. The commissioner declined the plaintiff's request. In response, the plaintiff filed his petition for injunctive and declaratory relief, seeking, in part, a declaration that RSA 281-A:38, II is unconstitutional. The trial court granted the DOL's motion to dismiss.

On appeal, the plaintiff argues that RSA 281-A:38, II violates his right to equal protection under Part I, Articles 2 and 12 of the New Hampshire Constitution.

■ "The first question in an equal protection analysis is whether the State action in question treats similarly situated persons differently." *LeClair v. LeClair*, 137 N.H. 213, 222 (1993) (quotation omitted). RSA 281-A:38, II states that health care providers may perform IMEs if they are either board certified in the appropriate specialty as recognized by the ABMS or if they obtain the labor commissioner's approval. Under this classification, the statute treats equally all health care providers, including the plaintiff, who are eligible to become board certified in their specialty as recognized by the ABMS. Those health care providers who are not eligible for board certification are not similarly situated with providers such as Emond, and therefore any comparison of the two groups for equal protection analysis is without foundation. Since Emond is not similarly situated with those health care providers who are ineligible for board certification, we see no equal protection problem involved here. *See id.*

Even assuming, *arguendo*, that Emond is similarly situated with those providers who are ineligible for board certification, any apparent classification implicates only the plaintiff's economic rights. "Legislation merely regulating economic benefits and burdens, with no other significant feature, is reviewable under the rational basis criterion when challenged under the equal protection clause." *Petition of Abbott*, 139 N.H. 412, 418 (1995) (quotation and brackets omitted).

Under the rational basis test, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *LeClair*, 137 N.H. at 223 (quotation omitted). The party seeking to invalidate the legislation bears the burden to prove that the classification is

"arbitrary or without some reasonable justification." *Id.* at 223 (quotation omitted).

The trial court found:

> The distinction drawn by the legislature between specialty areas recognized by the ABMS and those not so recognized is not arbitrary, but instead represents a reasonable means of ensuring that only competent health care providers perform IMEs in workers' compensation cases. The legislature could rationally find that ABMS-recognized certification is an indicator of a physician's qualifications and expertise in his specialty. . . . The legislature could also rationally find that, where an ABMS-recognized specialty board exists, there is no need for an individualized determination of an applicant's suitability to conduct IMEs . . . . By the same token, the legislature could determine that a specialist who fails to obtain ABMS-recognized certification in an area where it is available lacks the necessary qualifications to perform reliable IMEs.

We agree with the trial court's conclusion that the statutory classifications are rationally related to a legitimate State interest. Accordingly, we conclude that RSA 281-A:38, II does not deprive the plaintiff of equal protection of the laws under Part I, Articles 2 and 12 of our State Constitution.

*Affirmed.*

BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.