Compensation Appeals Board
No. 99-521

APPEAL OF GARY WINTLE

(New Hampshire Compensation Appeals Board)

July 26, 2001

*Borofsky, Lewis & Amodeo-Vickery, P.A.*, of Manchester (*Christopher A. Bandazian* on the brief and orally), for the petitioner.

*Bernard & Merrill, P.L.L.C.*, of Manchester (*Eric P. Bernard* and *Caroline B. Chambers* on the brief, and *Mr. Bernard* orally), for the respondent.

NADEAU, J. The petitioner, Gary Wintle, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying him double workers' compensation benefits pursuant to RSA 281-A:33 (1999). We affirm.

The following facts are undisputed. The petitioner has worked for General Electric (GE) since 1979 manufacturing airplane parts. The petitioner has been injured twice on the job while using a pneumatic clamping device. The first accident occurred in 1994 when he caught part of his right hand in the machine. In 1997, the petitioner again caught part of his right hand in the machine, amputating the top of his right ring finger.

On September 3, 1998, a New Hampshire Department of Labor (DOL) hearing officer awarded the petitioner workers' compensation benefits for the 1997 injury but denied his request for double compensation benefits pursuant to RSA 281-A:33. The petitioner sought *de novo* review before the board, which upheld the decision of the hearing officer.

The board rested its denial on two grounds: (1) since RSA 281-A:33 incorporates RSA chapter 277, which applies only to public employees, it does not apply to the petitioner; and (2) the petitioner otherwise failed to satisfy RSA 281-A:33. After requesting and being denied a rehearing before the board, the petitioner appealed.

On appeal, the petitioner argues that the board erred in (1) declining to rule that the provision in RSA chapter 277 that limits recovery of double compensation benefits to certain public employees should be struck down as violative of the petitioner's State and federal constitutional rights, and (2) ruling that the petitioner otherwise failed to satisfy the requirements of RSA 281-A:33.

"We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable. The petitioner . . . bears the burden of demonstrating that the board's decision was erroneous." *Appeal of Rose*, 146 N.H. 219, 220, (2001) (quotations and citation omitted).

RSA 281-A:33 provides:

> Double Compensation. Any employer who is liable for the compensation provided by any or all of RSA 281-A:26, 28, 31, or 32 shall, upon being found in violation of any provision of either or both RSA 277 and RSA 276-A, insofar as the latter chapter deals with prohibiting hazardous occupations for youth, and if there is recorded in the department a prior violation of the same kind or if the employer has failed to comply with written departmental recommendations applicable to a first violation within the reasonable period allowed, become liable for twice the amount of such compensation; provided, however, that if payment of compensation is secured pursuant to RSA 281-A:5, I, an employer and employer's insurance carrier shall share equally the payment of compensation under this section.

RSA chapter 277 provides, among other things, that when dangerous conditions exist in a workplace, the employer has a duty to "provide and maintain such safeguards, safety devices, appliances and lighting facilities, and to do such other things as may be reasonably necessary and practicable to lessen the dangers of such employment." RSA 277:11 (1999). In 1985, RSA chapter 277 was amended to apply to "the State or any of its political subdivisions operating a place of employment" (State employers). *See* RSA 277:1-b (1999). Because a violation of RSA chapter 277 is a threshold element required to satisfy RSA 281-A:33 in cases not involving hazardous occupations for youth, the 1985 amendment of RSA 277:1-b effectively limited RSA 281-A:33 to State employers only.

Although we decide cases on constitutional grounds only when necessary, *see Olson v. Town of Fitzwilliam*, 142 N.H. 339, 345 (1997), because resolution of the non-constitutional issue in this case would not be dispositive, we turn immediately to the petitioner's constitutional arguments.

The petitioner first argues that by limiting RSA 281-A:33 to State employers, the 1985 amendment deprives him of his right to a

certain remedy under the Federal Constitution and Part I, Article 14 of the State Constitution. Because he makes only passing reference in his brief to his federal constitutional claim, we deem it waived and review only his State constitutional claim. *See Barrows v. Boles*, 141 N.H. 382, 396 (1996).

The New Hampshire Constitution guarantees every citizen "a certain remedy by having recourse to the laws, for all injuries he [or she] may receive in his [or her] person, property, or character . . . conformably to the laws." N.H. CONST. pt. I, art. 14.

 We conclude that the 1985 amendment does not implicate a "right to remedy" at all. Review of the plain language of RSA 281-A:33 reveals that it does not create a "right" of employees; rather, it imposes a detriment upon employers that *incidentally* benefits employees. *See* RSA 281-A:33. Furthermore, at common law, the petitioner had no analogous right to double recovery. *See Aubert v. Aubert*, 129 N.H. 422, 431 (1987) (reaffirming the established principle that New Hampshire does not permit recovery of punitive damages in personal injury cases). Accordingly, we conclude that the 1985 amendment does not implicate an "important substantive right" warranting constitutional protection under Part I, Article 14 of the New Hampshire Constitution. *See Petition of Abbott*, 139 N.H. 412, 416 (1995).

The petitioner further argues that the application of the 1985 amendment to RSA 281-A:33 violates his right to equal protection under the Federal Constitution and Part I, Articles 2, 12 and 14 of the State Constitution. He claims that it treats similarly situated individuals — State and private employees seeking double compensation — differently without a constitutionally permissible justification.

"We first address the plaintiff's equal protection arguments under our State Constitution, and because the Federal Constitution offers no greater protection under its equal protection provisions, we do not undertake a separate federal analysis." *Longchamps Elec. v. N.H. State Apprenticeship Council*, 145 N.H. 502, 506, (2000) (citation and quotation omitted).

"The first question in an equal protection analysis is whether the State action in question treats similarly situated persons differently." *Abbott*, 139 N.H. at 417 (quotation omitted). The 1985 amendment does classify State employees differently from private employees by limiting the scope of RSA chapter 277, including the double liability provided for by RSA 281-A:33, to State employers.

To determine whether the classification between State and private employees is constitutionally permissible, we must examine the

rights affected and the purpose and scope of the classification. *See id.* at 418. The petitioner claims that the classification created by the 1985 amendment implicates his right to recover for personal injuries and, thus, should be reviewed under the middle-tier scrutiny applied in *Lorette v. Peter-Sam Investment Properties*, 140 N.H. 208, 211-12 (1995).

Since the 1985 amendment does not constitute an infringement upon the petitioner's right to a remedy, we conclude that the classification created by the 1985 amendment implicates a purely economic benefit, which we review under the rational basis test. *See Abbott*, 139 N.H. at 418.

Under the rational basis test, we inquire whether the classification at issue is "reasonable and not arbitrary and [whether it bears] a rational relation to the public purpose sought to be achieved by the legislation involved." *Opinion of the Justices*, 144 N.H. 374, 383 (1999) (quotation omitted). "[T]he party challenging the constitutionality of the classification[ ] has the burden of proving that the distinction does not pass the rational basis test." *Appeal of Salem Reg. Med. Ctr.*, 134 N.H. 207, 215 (1991).

The clear objective of RSA 281-A:33 is deterrence. Its primary purpose is to impose double liability upon a public employer found in violation of a health and safety standard with which the DOL has previously sought the employer's compliance. *See* RSA 281-A:33; N.H.S. JOUR. 1186 (1971). The petitioner argues that there is no rational relationship between this purpose and the statute's limitation to State employees. We disagree.

■ The legislature's intent in limiting RSA chapter 277 to State employees was to "give parity to the public employees that the private sector has at the present time" through the workplace safety regulations imposed by the Federal Occupational Safety and Health Act (OSHA). N.H.S. JOUR. 602 (1985); *see* 29 U.S.C. §§ 651 *et seq.* (1994). This purpose is rationally related to the classification created by RSA chapter 277 and to the resulting classification incorporated into RSA 281-A:33.

It is "reasonable and not arbitrary" for the legislature to create a system of workplace safety regulations that benefit State employees, given that they are excluded from the analogous protections provided by OSHA. *See* 29 U.S.C. § 652(5). Moreover, for deterrence purposes, it is reasonable that such safety regulations include the imposition of double liability upon non-complying State employers. Contrary to the petitioner's argument, the fact that the 1985 amendment does not provide precisely the same protection as that

provided by OSHA does not render its enactment unreasonable or arbitrary.

The petitioner suggests that the legislature was unaware that the 1985 amendment effectively precluded double workers' compensation for private employees. However, "[the] legislature is presumed to have adopted a new statute in light of earlier acts on the same subject." *Conrad v. Hazen*, 140 N.H. 249, 252 (1995) (quotation and ellipsis omitted). Therefore, we presume that when the legislature enacted the 1985 amendment, it was aware of and intended the amendment's impact upon RSA 281-A:33.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.