Hillsborough
No. 80-395

DELIA JOLICOEUR

v.

COLONIAL PENN INSURANCE COMPANY

September 16, 1981

*Emile R. Bussiere P.A.*, of Manchester (*Richard J. Walsh* on the brief), by brief for the plaintiff.

*Devine, Millimet, Stahl & Branch*, of Manchester (*George R. Moore* on the brief), by brief for the defendant.

PER CURIAM. This appeal arises out of a petition for declaratory judgment (RSA 491:22) in which the plaintiff sought a determination of the extent of her coverage under the medical expenses provisions of an automobile insurance policy issued to her by the defendant. The Superior Court (*Contas*, J.) gave effect to an exclusion in the policy relating to payments for medical expenses made under the federal Medicare program. We affirm.

On or about February 1, 1979, the plaintiff was driving her automobile with her two sisters as passengers when she was involved in an automobile accident that resulted in severe injuries to all three occupants of the vehicle. The medical expenses of each of the three sisters exceeded $5,000. Because all three sisters were eligible for benefits under the Medicare provisions of the Social Security Act, 42 U.S.C.A. § 1395 *et seq.* (1976), a substantial portion of their medical bills was paid by the federal government.

Thereafter, the plaintiff and her sisters each submitted copies of their medical bills to the defendant and requested that the defendant pay them each the stated policy limits of $5,000 under the medical payments provisions of the plaintiff's automobile insurance policy. The defendant, however, reimbursed each of the claimants only for that portion of their medical expenses, up to $5,000, not covered by Medicare. In doing so, it relied on the following exclusionary provision in the plaintiff's insurance policy:

"This policy does not apply: . . . (n) to that amount of any medical expense which is paid or payable to or on behalf of the injured person under the provisions of . . . medicare or any similar law."

The plaintiff then instituted this action in the superior court, claiming that she and her sisters were each entitled to recover $5,000 under the medical payments coverage of the insurance policy. She argued that the defendant could not deny coverage on the basis of exclusion (n) because RSA 268:15-b makes medical payments coverage mandatory. RSA 268:15-b provides in relevant part:

"Any motor vehicle liability policy . . . covering a private passenger automobile and issued or delivered in this state shall provide coverage therein or supplemental thereto in an amount equal to or greater than $1,000 per person for medical costs incurred as a result of injuries sustained in an accident involving the insured motor vehicle. . . ."

That statute, however, also provides that it "shall not apply to . . . [a]ny person having equivalent medical coverage." RSA 268:15-b II(b). The trial court ruled that RSA 268:15-b did not apply because Medicare was "equivalent medical coverage," that exclusion (n) was "clearly stated and directly applicable to the present case," and that, therefore, "the plaintiff is entitled to recover . . . *only* an amount which is in excess of the amount paid by Medicare up to $5,000." (Emphasis in original.) The plaintiff appealed from this ruling.

■ Clearly, an insurer cannot resort to exclusionary language in a policy in order to avoid having to afford its insured the minimum amount of coverage required by statute. *Merchants Mut. Ins. Co. v. Bean*, 119 N.H. 561, 564, 406 A.2d 457, 458 (1979); *see Bertolami v. Merchants Mutual Ins. Co.*, 120 N.H. 308, 310–12, 414 A.2d 1281, 1282–83 (1980); *Peerless Ins. Co. v. Vigue*, 115 N.H. 492, 494, 345 A.2d 399, 400 (1975). If, however, RSA 268:15-b does not apply to the present case because Medicare benefits constitute "equivalent medical coverage" within the meaning of RSA 268:15-b II(b), then the defendant insurer would "have a right to limit . . . [its] liability by exclusions written in terms appropriate to convey their meaning and effect to a reasonable person in the position of the insured." *Beliveau v. Norfolk & Dedham Mut. Fire Ins. Co.*, 120 N.H. 73, 74–75, 411 A.2d 1101, 1102 (1980) (quoting *Charest v. Union Mut. Ins. Co.*, 113 N.H. 683, 686, 313 A.2d 407, 409 (1973)).

■ The statute does not define the phrase "equivalent medical coverage." The legislative history of the statute, however, indicates that RSA 268:15-b II(b) was designed to exempt from the mandatory provisions of RSA 268:15-b those persons who do not want to purchase medical payments coverage as part of their automobile insurance policies because they already have other adequate medical coverage. N.H.S. JOUR. 2211–13, 2234 (1971). Individuals qualifying for veterans' medical benefits, active duty military personnel entitled to free medical care at the government's expense, and families with adequate private medical coverage are among those persons to whom the legislature intended that RSA 268:15-b not apply. *Id.* at 2203, 2213, 2234. We see no reason to treat federal Medicare benefits any differently from the types of medical coverage specifically referred to in the statute's legislative history. Accordingly, we hold that Medicare benefits are "equivalent medical coverage" and that, consequently, the minimum coverage requirements of RSA 268:15-b are inapplicable in this case.

Because RSA 268:15-b is inapposite here and, therefore, the plaintiff had no obligation to purchase, nor the defendant to provide, medical payments coverage, the parties' rights are governed by the insurance contract into which they entered.

■ In this case, exclusion (n) specifically referred to "that amount of any medical expense which is paid or payable to or on behalf of the injured person under the provisions of any . . . medicare . . . law." This language is clear and unambiguous, and there is otherwise no evidence in the record that would lead us to conclude that the insured could reasonably expect to recover under the medical payments provisions of her policy to the extent that her medical bills were paid under the federal Medicare program. *See Robbins Auto Parts, Inc. v. Granite State Insurance Company,* 121 N.H. 760, 435 A.2d 507 (1981). Accordingly, we uphold the trial court's ruling that each claimant is entitled to recover from the defendant only an amount representing the difference between the policy limits ($5,000) and the amount each claimant received in Medicare benefits.

*Affirmed.*

BATCHELDER, J., did not participate.