Hillsborough-northern judicial district
No. 93-402

MELODY FADDEN

v.

METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY

July 14, 1994

*Bussiere & Kalinski, P.A.*, of Manchester (*Mark R. Rouillard* on the brief, and *Emile R. Bussiere* orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* and *David W. Johnston* on the brief, and *Mr. Burt* orally), for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J. The plaintiff, Melody Fadden, appeals the ruling of the Superior Court (*Hollman*, J.) that the defendant, Metropolitan Property and Casualty Insurance Company (Metropolitan), is not obligated to pay her medical expenses under a motor vehicle liability policy. She argues that the trial court erred in ruling: (1) that workers' compensation benefits were "equivalent medical coverage" under RSA 264:16, II(b) (1993); and (2) that *Jolicoeur v. Colonial Penn Insurance Company*, 121 N.H. 793, 435 A.2d 514 (1981), is controlling. We affirm.

The plaintiff was injured while driving her personal automobile in the course of her employment. Her employer's workers' compensation liability carrier paid the resulting medical expenses. The plaintiff subsequently sought payment for the same medical expenses from Metropolitan, her automobile liability insurer. Metropolitan denied coverage, citing the policy exclusion for "that portion of any medical expense for which benefits are available under any . . . law which provides workers [*sic*] compensation or disability benefits." The plaintiff filed a petition for declaratory judgment, arguing that RSA 264:16 and :17 (1993) required that Metropolitan's policy include medical payment coverage without the reservation of subrogation rights. After a hearing, the trial court ruled that the policy exclusion for medical expenses covered by workers' compensation benefits was valid and, therefore, denied the petition.

RSA 264:16, I, provides:

"Any motor vehicle liability policy . . . covering a private passenger automobile and issued with respect to any motor vehicle registered or principally garaged in this state shall provide coverage therein or supplemental thereto in an amount equal to or greater than $1,000 per person for medical costs incurred as a result of injuries sustained in an accident involving the insured vehicle by the driver and passengers in said vehicle."

Paragraph II exempts "[a]ny person having equivalent medical coverage" from the statute's mandate. The question before us is whether workers' compensation benefits are "equivalent medical coverage." In *Jolicoeur v. Colonial Penn Insurance Company*, 121 N.H. at 796, 435 A.2d at 516, we held that Medicare benefits were "equivalent medical coverage" and that, consequently, the minimum coverage requirements of RSA 264:16's predecessor did not apply. Our decision hinged on an analysis of the relevant legislative history, as well as the determination that the exclusionary language of the policy was clear and unambiguous. *Id.* We discern no relevant difference between the Medicare benefits in *Jolicoeur* and the workers' compensation benefits here.

The plaintiff argues that RSA 264:17 requires a different result. RSA 264:17 states: "The right of subrogation against any third party shall not exist or be claimed in favor of the insurer who has paid or reimbursed, to or for the benefit of the insured, medical costs under coverage provided for pursuant to RSA 264:16." Although section 17 was not discussed in *Jolicoeur*, Medicare coverage, like workers' compensation, provides for a right of subrogation. *See* 42 U.S.C. § 1395y(b)(2) (1988); RSA 281-A:13 (Supp. 1993). Further, that the legislature may have weighed the public policy issues differently as between workers' compensation carriers and motor vehicle insurers in deciding who would benefit when the potentiality for multiple recoveries exists does not affect our construction of RSA 264:16, II(b), which seeks to prevent multiple recoveries in the first instance by affording persons the ability to avoid purchasing unnecessary coverage. We adhere to our holding in *Jolicoeur* and follow it here. *See Providence Mut. Fire Ins. Co. v. Scanlon*, 138 N.H. 301, 303–04, 638 A.2d 1246, 1248 (1994).

*Affirmed.*

BROCK, C.J., and THAYER, J., did not sit; the others concurred.