Hillsborough-northern judicial district
No. 97-071

SARAH JANE GORMAN

v.

NATIONAL GRANGE MUTUAL INSURANCE COMPANY

September 2, 1999

*Joseph F. McDowell, III, P.A.*, of Manchester (*Joseph F. McDowell, III* and *Mark D. Morrissette* on the brief, and *Mr. McDowell* orally), for the plaintiff.

*Ouellette, Hallisey, Dibble and Tanguay, P.A.*, of Dover (*William L. Tanguay* on the brief and orally), for the defendant.

THAYER, J. The defendant, National Grange Mutual Insurance Company, appeals an order from the Superior Court (*Groff*, J.) determining that the plaintiff, Sarah Jane Gorman, is entitled to uninsured motorist coverage for her workplace injury. We affirm.

The undisputed facts reveal that the plaintiff sustained an injury while operating a truck for Park Construction during the course of her employment. The injury occurred when the plaintiff's co-employee, who was operating a bailing loader, dropped a large rock into the bed of the truck the plaintiff was operating. The force of the impact caused the plaintiff's head to snap abruptly causing her injury. Following the incident, the plaintiff received workers' compensation benefits. Thereafter, the plaintiff made a claim under the uninsured motorist provisions of her automobile liability policy

issued by the defendant. The defendant denied her claim, and the plaintiff filed a petition in superior court for declaratory judgment to determine insurance coverage.

The plaintiff's petition alleges that she was injured in an automobile accident caused by a co-employee with an automobile provided by her employer. Although she does not assert that the truck and loader provided by Park Construction were uninsured, the plaintiff claims that her injury was brought about by an "uninsured" motorist. The defendant denied coverage, arguing that because the Workers' Compensation Law barred recovery against her employer and co-employee, the plaintiff was not "legally entitled to recover" as required by her uninsured motorist coverage. The plaintiff, however, argues that the phrase "legally entitled to recover" as used in the insurance policy does not require that she be able to institute and maintain a civil action in a court of competent jurisdiction, but only that she demonstrate that the uninsured motorist was at fault for her injury.

The defendant moved to dismiss and both parties moved for summary judgment. The trial court denied both of the defendant's motions and granted the plaintiff's motion for summary judgment, ruling that because the policy language mirrored the language used in *Green Mountain Insurance Co. v. George*, 138 N.H. 10, 634 A.2d 1011 (1993), the plaintiff was entitled to uninsured motorist coverage. On appeal, the defendant argues that the superior court erred in applying *Green Mountain* to the facts of this case and in failing to require the plaintiff to provide some factual basis for her allegation that the motor vehicle that caused her injury was uninsured.

"In reviewing the superior court's summary judgment rulings, we consider the evidence in the light most favorable to each party in its capacity as non-movant and, if no genuine issue of material fact exists, we determine whether either moving party is entitled to judgment as a matter of law." *N.H. Ins. Guaranty Assoc. v. Pitco Frialator*, 142 N.H. 573, 576, 705 A.2d 1190, 1192 (1998). The defendant argues that in considering the summary judgment motions, the superior court erred in interpreting the insurance policy. Specifically, the defendant contends that the superior court's reliance on *Green Mountain* in interpreting the phrase "legally entitled to recover" is misplaced. We disagree.

The automobile liability policy issued by the defendant contains the following provisions:

> We will pay compensatory damages which an "insured" is *legally entitled to recover* from the owner or operator of an "uninsured motor vehicle" because of "bodily injury:"
>
> 1. Sustained by an "insured;" and
>
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."
>
> . . . .
>
> "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
>
> 1. To which no bodily injury liability bond or policy applies at the time of the accident.

(Emphasis added.)

"As a general rule, we construe insurance policy language with the purpose of honoring the reasonable expectations of the policyholder." *Green Mountain*, 138 N.H. at 13-14, 634 A.2d at 1014. Moreover, "where judicial precedent clearly defines a term at issue, we need look no further than that definition." *Coakley v. Maine Bonding & Cas. Co.*, 136 N.H. 402, 409-10, 618 A.2d 777, 781 (1992). "Legally entitled to recover" as used in the insurance policy at issue has been previously construed by this court. *See Green Mountain*, 138 N.H. at 14, 634 A.2d at 1014.

In *Green Mountain*, we considered whether Jan George, a New Hampshire resident, was entitled to coverage under the uninsured motorist provision of her automobile liability policy for injuries she received from an accident in Massachusetts. *Id.* at 12, 634 A.2d at 1012-13. George alleged that the other driver, a Massachusetts resident, was legally at fault. *Id.* Because Massachusetts law governed her tort action and her medical bills totaled less than the threshold required to recover for pain and suffering, George was unable to recover damages for pain and suffering. *Id.* at 12, 634 A.2d at 1012-13. We determined that the phrase "legally entitled to recover" as used in George's insurance contract referred to "whether the owner or operator of the uninsured vehicle was at fault." *Id.* at 14, 634 A.2d at 1014. Therefore, we held "that the [insured's] right to recover will depend on [her] ability to establish fault on the part of the alleged tortfeasor." *Id.* at 15, 634 A.2d at 1014.

The defendant argues that because New Hampshire Workers' Compensation Law bars the plaintiff's recovery from the tortfeasor,

*Green Mountain* does not apply. Specifically, the defendant contends that underlying our decision was the fact that Massachusetts law precluded the plaintiff from recovery where New Hampshire law would have permitted recovery. We explicitly stated, however, "[f]or the purposes of interpreting the [insured's] policy, . . . the alleged tortfeasor was effectively 'uninsured.' To hold otherwise would undermine the [insured's] reasonable expectation that [her] insurance carrier would cover [her] for losses sustained in an accident with a tortfeasor who cannot compensate [her] for [her] injuries." *Id.* at 16, 634 A.2d at 1015. Thus, the relevant inquiry is whether the tortfeasor has insurance applicable to the collision that would afford coverage to the plaintiff. If no coverage applies, then the insured is entitled to the uninsured motorist coverage for which she has already paid a premium. *See id.* Because the plaintiff's co-employee and employer are entitled to immunity under the Workers' Compensation Law, *see* RSA 281-A:8 (Supp. 1998), no coverage applied to the co-employee and vehicles at the time of the accident. Therefore, the plaintiff's co-employee, the alleged tortfeasor, is effectively uninsured.

The defendant contends that applying *Green Mountain* to workplace injuries is contrary to RSA 281-A:13 (Supp. 1998) as interpreted by this court, *see Fadden v. Metropolitan Prop. & Cas. Ins. Co.*, 138 N.H. 654, 656, 644 A.2d 555, 556-57 (1994). In *Fadden*, we held that through the use of clear and unambiguous language, an insurer may exclude coverage for "that portion of any medical expense for which benefits are available under [workers' compensation] law." *Id.* at 655-56, 644 A.2d at 556. Because the plaintiff, Fadden, sought payment from her motor vehicle liability carrier for medical expenses covered by her employer's workers' compensation carrier, payment by her motor vehicle liability carrier would result in double recovery. *Id.* at 655-56, 644 A.2d at 556-57. Therefore, we reasoned that allowing motor vehicle insurers to clearly and unambiguously exclude coverage for benefits that already exist by law "prevent[s] multiple recoveries in the first instance, [thereby] affording persons the ability to avoid purchasing unnecessary coverage." *Id.* at 656, 644 A.2d at 557. To the extent the plaintiff seeks coverage for damages not covered by her workers' compensation benefits, *Fadden* does not apply to the present case because the risk of double recovery does not exist.

Finally, the defendant argues that allowing uninsured motorist policy coverage under these circumstances is contrary to the exclusive remedy provided by the workers' compensation statute.

As an employee covered by workers' compensation, the plaintiff is conclusively presumed to have waived her common law rights against her employer and co-employees. RSA 281-A:8; *Petition of Abbott*, 139 N.H. 412, 416, 653 A.2d 1113, 1116 (1995). The workers' compensation statute, however, expressly states that "[a]n injured employee . . . may obtain . . . benefits from or proceed at law . . . against another person to recover damages or benefits if . . . [t]he circumstances of the injury create in another person . . . a contractual obligation to pay benefits under the uninsured motorist provision of any motor vehicle insurance policy." RSA 281-A:13. Thus, the statute preserves an employee's right to pursue her contractual claim against her uninsured motorist carrier and "does not upset the fundamental *quid pro quo* upon which the Workers' Compensation Law is based." *Hull v. Town of Plymouth*, 143 N.H. 381, 385, 724 A.2d 1291, 1293 (1999).

*Affirmed.*

BROCK, C.J., dissented; the others concurred.

BROCK, C.J., dissenting: The majority relies on *Green Mountain Insurance Co. v. George*, 138 N.H. 10, 634 A.2d 1011 (1993), to conclude that the plaintiff was "legally entitled to recover" from her co-employee because he was effectively an uninsured motorist. I disagree. I conclude that the tort immunity granted by the Workers' Compensation Law, *see* 281-A:8 (Supp. 1998), does not create an uninsured motorist. Thus, I respectfully dissent.

In *Green Mountain*, we held that the tortfeasor was effectively uninsured because George, failing to meet the threshold requirement for medical damages under Massachusetts law, was barred from recovering damages for pain and suffering. *Green Mountain*, 138 N.H. at 16, 634 A.2d at 1015. *Green Mountain* differs from the case before us in two significant aspects. First, under Massachusetts law, George would not have received compensation for her pain and suffering. Our concern in *Green Mountain* was protecting this State's paramount interest in seeing "that accident victims receive some kind of compensation for their injuries." *Id.* at 16, 634 A.2d at 1015 (quotation omitted). The plaintiff before us, however, has received workers' compensation benefits.

Second, by denying uninsured motorist coverage in *Green Mountain*, we would have effectively adopted Massachusetts no-fault law. We refused to do so, reasoning that "our legislature has refused to enact no-fault legislation, despite the constitutional ability to do so." *Id.* at 13, 634 A.2d at 1013. Conversely, our legislature has enacted

the Workers' Compensation Law for the protection of New Hampshire workers and employers. *See generally* RSA ch. 281-A (Supp. 1998). "The workers' compensation scheme is based on a fundamental *quid pro quo* which is the tort immunity conferred on the employer in exchange for providing no-fault workers' compensation benefits." *Hull v. Town of Plymouth*, 143 N.H. 381, 384, 724 A.2d 1291, 1293 (1999) (quotations, citations, emphasis, ellipsis, and brackets omitted). Because the plaintiff is conclusively presumed to have waived her common law rights against her employer and co-employees, *see* RSA 281-A:8; *Petition of Abbott*, 139 N.H. 412, 416, 653 A.2d 1113, 1116 (1995), she was not "legally entitled to recover" from her co-employee.

To avoid the conclusive presumption of RSA 281-A:8, the majority mistakenly relies on the language of RSA 281-A:13. This statute provides:

> An injured employee, in addition to the benefits of this chapter, may obtain damages or benefits from or proceed at law . . . against another person to recover damages or benefits if:
>
> . . .
>
> (2) The circumstances of the injury create in another person a legal liability to pay damages . . . or a contractual obligation to pay benefits under the uninsured motorist provision of any motor vehicle insurance policy; and
>
> (3) *The action has not been barred under RSA 281-A:8.*

RSA 281-A:13 (emphasis added). This statute allows an injured employee to receive additional damages or benefits from uninsured motorist coverage if, *inter alia*, the action is not barred by RSA 281-A:8. Because the bar of RSA 281-A:8 applies, I conclude that RSA 281-A:13 does not allow the plaintiff to recover uninsured motorist coverage in this case. Moreover, RSA 281-A:13 is entitled, "Liability of Third Person." RSA 281-A:13 was intended to allow for additional damages or benefits to an injured employee from a third party. There was no third party involved in this case. The plaintiff was injured by a co-employee, *see* RSA 281-A:8; therefore, RSA 281-A:13 is not applicable.

I conclude that the plaintiff was not "legally entitled to recover" from her co-employee and, furthermore, that the grant of immunity pursuant to RSA 281-A:8 did not create an uninsured motorist. Therefore, I respectfully dissent.