Rockingham
No. 99-480

MAUREEN MATARESE

v.

NEW HAMPSHIRE MUNICIPAL ASSOCIATION PROPERTY-LIABILITY
INSURANCE TRUST, INC.

Argued: June 5, 2001
Opinion Issued: January 11, 2002

*Solomon Professional Association,* of Londonderry (*Peter M. Solomon* on the brief and orally), for the plaintiff.

*Gallagher, Callahan & Gartrell, P.A.,* of Concord (*David A. Garfunkel* on the brief and orally), for the defendant.

BRODERICK, J. The plaintiff, Maureen Matarese, suffered injuries during an automobile collision with an uninsured motorist while on duty as a police officer. She sought uninsured motorist coverage from the defendant, the New Hampshire Municipal Association Property-Liability Insurance Trust, Inc. (Trust), the Town of Londonderry's insurer. The Superior Court (*Abramson,* J.) ruled that the fireman's rule barred her right of recovery against the Trust. We affirm.

The underlying facts in this case are described in detail in *Matarese v. Nationwide Mutual Insurance Co.,* 141 N.H. 311, 311-12 (1996) (*Matarese I*), in which we held that the fireman's rule barred the plaintiff from recovering uninsured motorist benefits from Nationwide Mutual Insurance Company (Nationwide), her personal automobile insurer.

The plaintiff was injured while on duty when her car collided with an uninsured vehicle. She sought uninsured motorist coverage from both Nationwide and the Trust. The Trust moved for summary judgment, arguing that the Workers' Compensation Law barred the claim. The court granted the Trust's motion, stating, "On the state of the record presented, the plaintiff Matarese was injured while acting within the scope of her duties as a police officer . . . ." Following a trial, the superior court held that the fireman's rule, which bars some public safety officers from bringing negligence suits in certain circumstances, *see* RSA 507:8-h (1999), also barred the claim for benefits against Nationwide. The plaintiff appealed both decisions.

Regarding the case against Nationwide, we held that the fireman's rule barred the plaintiff from pursuing an action against the tortfeasor. *See Matarese I*, 141 N.H at 315-16. Although the plaintiff had also argued that even if the fireman's rule barred an action against the tortfeasor, she was entitled to uninsured motorist coverage because the language in her Nationwide insurance policy was ambiguous, we concluded that the ambiguity issue had not been preserved and declined to address it. *Id.* at 313. Regarding the case against the Trust, we found the trial court's order granting the Trust's motion for summary judgment to be ambiguous, declined to rule on the question of the workers' compensation bar, and remanded the case with instructions to consider the applicability of the fireman's rule and the workers' compensation bar, and any other issue raised by the parties' pleadings.

After the case was remanded, we decided *Hull v. Town of Plymouth*, 143 N.H. 381, 383 (1999), in which we concluded that an automobile insurer is not an "insurance carrier" within the meaning of the Workers' Compensation Law. Therefore, the Workers' Compensation Law did not bar an action for underinsured motorist benefits against an employer's automobile insurer if the underinsured motorist was neither the insured's employer nor a co-employee. *Id.* at 385. In light of *Hull*, the only issue on remand in the plaintiff's case against the Trust was whether the plaintiff is entitled to uninsured motorist coverage even though the fireman's rule barred an action against the tortfeasor. The plaintiff argued that even if the fireman's rule barred an action against the tortfeasor, she was entitled to uninsured motorist coverage because the language in the Trust policy was ambiguous. Following a hearing, the superior court ruled that the fireman's rule barred the plaintiff's action against the Trust, and this appeal followed. Thus, the issue we declined to decide on preservation grounds in *Matarese I* is now squarely before us in this appeal involving the case against the Trust.

Although the parties have not filed a copy of the applicable insurance policy with this court, they agree that the language at issue is standard language taken from New Hampshire's uninsured motorist statute that mandates uninsured motorist coverage in all motor vehicle policies, so that benefits are available "for the protection of persons . . . who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles." RSA 264:15 (1993).

The question on appeal is whether the plaintiff was "legally entitled to recover" from the driver of the uninsured motor vehicle, given the applicability of the fireman's rule. The fireman's rule provides:

> I. Firefighters, emergency medical technicians (E.M.T.'s), police officers and other public safety officers shall have no cause of action for injuries arising from negligent conduct which created the particular occasion for the officer's official engagement. However, this section does not affect such officer's causes of action for other negligent conduct or for reckless, wanton or willful acts of misconduct.
>
> II. In this section, "public safety officer" means a person who is exposed to injury while acting in an official capacity in law enforcement or protection of life or property.

RSA 507:8-h (1997) (emphasis added). In *Matarese I*, we concluded that "[b]ecause the plaintiff suffered her injuries while performing the very service which [she] is paid to undertake for the citizen's benefit," her right of recovery against the tortfeasor was barred by the fireman's rule. *Matarese I*, 141 N.H. at 315-16 (quotation and citation omitted). Thus, her right of recovery against her personal automobile insurer, Nationwide, was barred. *Id.*

In this appeal, the plaintiff contends that despite the application of the fireman's rule, our decisions in *Green Mountain Insurance Co. v. George*, 138 N.H. 10 (1993), and *Gorman v. National Grange Mutual Insurance Co.*, 144 N.H. 157 (1999), "unequivocally establish the Petitioner's contractual right to receive uninsured motorist benefits." The plaintiff notes that in *Green Mountain*, we held that the phrase "legally entitled to recover" contained in the applicable insurance policy was ambiguous, and construed the ambiguity against the insurer. *Green Mountain*, 138 N.H. at 14-15. The plaintiff also points out that we reaffirmed this holding in *Gorman*, where we held that because we had determined in *Green Mountain* that the phrase "legally entitled to recover" referred to whether the owner or operator of the uninsured vehicle was at fault, "the insured's right to recover will depend on her ability to establish fault on the part of

the alleged tortfeasor." *Gorman*, 144 N.H. at 159 (quotations and brackets omitted). We agree with the plaintiff that application of the rule set forth in *Green Mountain* and *Gorman* would entitle her to uninsured motorist benefits. Upon reconsideration of both cases, however, we conclude that the analysis supporting the rule we adopted in *Green Mountain* and reapplied in *Gorman* is legally unsound. Therefore, for the reasons that follow, we overrule our reasoning, but not our holding, in *Green Mountain*. Furthermore, because our decision in *Gorman* rested on the faulty reasoning we advanced in *Green Mountain*, we overrule *Gorman* and affirm the trial court's grant of summary judgment to the Trust.

█ While we recognize the value of stability in legal rules, we have also acknowledged that "the doctrine of stare decisis is not one to be either rigidly applied or blindly followed. The stability of the law does not require the continuance of recognized error." *Weeks Restaurant Corp. v. City of Dover*, 119 N.H. 541, 544 (1979) (citations, brackets and quotations omitted). "Where a decision has proven unworkable or badly reasoned . . . we will not hesitate to revisit it." *Providence Mut. Fire Ins. Co. v. Scanlon*, 138 N.H. 301, 304 (1994).

At issue in *Green Mountain* was whether the plaintiffs, New Hampshire residents who had been injured in a collision in Massachusetts by a Massachusetts resident and were barred from recovering damages from the tortfeasor under the Massachusetts no-fault statute, were also barred from collecting uninsured motorist benefits from their own automobile insurer. *Green Mountain*, 138 N.H. at 13. In concluding that the plaintiffs could recover, we stated:

> The [plaintiffs] submit that the alternative forms of dispute resolution agreed to by the parties under this insurance policy are designed to determine matters of fact, such as who is at fault in a collision and how much the wronged party is entitled to recover from the party at fault. Under such an interpretation, they argue, the "legally entitled to recover" phrase refers to whether the owner or operator of the uninsured automobile was at fault. On the other hand, Green Mountain argues that the phrase refers only to the [plaintiffs'] entitlement as a matter of law to pursue damages against the alleged tortfeasor. We find the phrase "legally entitled to recover" susceptible of both interpretations propounded by the parties and, therefore, hold that it is ambiguous. Because the [plaintiffs'] interpretation would favor coverage, we must construe the phrase in favor of [the plaintiffs] and against Green Mountain. . . . Accordingly, we hold

that the [plaintiffs'] right to recover will depend on their ability to establish fault on the part of the alleged tortfeasor at a subsequent uninsured motorist arbitration hearing.

*Id.* at 14-15 (citations omitted). Thus, our decision in *Green Mountain* rested upon our conclusion that, given the existence of the alternative forms of dispute resolution set forth in the contract, the phrase "legally entitled to recover" in the insurance contract was ambiguous, and should be construed against the insurer. In light of the fact that the language in the insurance contract was prescribed by statute, this reasoning was unsound.

■ ■ "The doctrine that ambiguities in an insurance policy must be construed against the insurer is rooted in the fact that insurers have superior understanding of the terms they employ." *Hoepp v. State Farm Ins. Co.*, 142 N.H. 189, 190 (1997) (quotations omitted). Where the insurer does not choose the language because that language is prescribed by statute, this rule does not apply. *See Pappas Ent. v. Commerce & Ind. Ins. Co.*, 661 N.E.2d 81, 83 (Mass. 1996). Rather, "rules of statutory interpretation, rather than the *contra proferentum* rule, ought to apply when the terms of an insurance contract are dictated by statute, because, in such circumstances, the real question is or ought to be the intent of the legislature, not the intent of the parties to a contract in which neither has any real say as to the terms of the 'agreement.'" *Terra Industries v. Com. Ins. Co. of America*, 981 F. Supp. 581, 590 (N.D. Iowa 1997); *see also Paul Revere Life Ins. Co. v. Haas*, 644 A.2d 1098, 1103 (N.J. 1994); *State Farm Mut. Auto. Ins. Co. v. Messinger*, 232 Cal. App. 3d 508, 519 (1991). Thus, our analysis of the meaning of the phrase "legally entitled to recover" contained in any uninsured motorist policy must begin with a consideration of what the legislature intended when it used the phrase in the uninsured motorist statute.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. We look first to the statutory language itself, and where possible, we ascribe the plain and ordinary meanings to words used." *Brewster Academy v. Town of Wolfeboro*, 142 N.H. 382, 383-84 (1997) (quotations and citation omitted). "If the language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent." *Doggett v. Town of North Hampton*, 138 N.H. 744, 746 (1994) (quotation omitted). "We will not place a literal interpretation on a phrase when doing so removes it from the context of the whole." *State v. Johnson*, 134 N.H. 570, 576 (1991).

■ ■ The New Hampshire Uninsured Motorist statute reads, in pertinent part, as follows:

> No policy shall be issued under the provisions of RSA 264:14, with respect to a vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto at least in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles, and hit-and-run vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

RSA 264:15. The above-quoted language makes clear that the purpose of the uninsured motorist statute is to ensure that those who have purchased automobile insurance whose losses would otherwise go uncompensated, either because the tortfeasor lacked liability coverage or because the tortfeasor's identity was unknown, can receive compensation for their injuries. *See Soule v. Stuyvesant Ins. Co.*, 116 N.H. 595, 596-97 (1976) (decided under prior law). Considering the language "legally entitled to recover" in light of the legislature's intent, as reflected in the language of the statute, we conclude that it unambiguously imposes a condition precedent to the insured's right to recover. The insured must be able to prove the liability of the uninsured motorist in order to recover uninsured motorist benefits under the statute and the policy.

■ While we recognize that the reasoning and the rule we set forth in *Green Mountain* are flawed, we nevertheless reaffirm its holding on alternative grounds. As the Chief Justice pointed out in his dissent in *Gorman*, underlying our decision in *Green Mountain* was the recognition that if we had denied uninsured motorist coverage, we would have effectively adopted Massachusetts no-fault law. *Gorman*, 144 N.H. at 161 (Brock, C.J., dissenting). "We refused to do so, reasoning that our legislature has refused to enact no-fault legislation, despite the constitutional ability to do so." *Id.* (quotation omitted). In other words, we concluded that recognition of the applicability of the Massachusetts no-fault bar, which would render the insured not "legally entitled to recover," would have directly conflicted with New Hampshire public policy. We reaffirm today that where application of another State's bar would render the insured not "legally entitled to recover" from the tortfeasor would conflict with New Hampshire public policy, we will decline to apply the bar

and the insured may recover benefits under the uninsured motorist provisions of his or her insurance policy.

At issue in *Gorman*, unlike *Green Mountain*, was whether a New Hampshire insured was "legally entitled to recover" uninsured motorist benefits when she was clearly barred by New Hampshire law from suing the tortfeasor. The plaintiff in *Gorman* sought to recover uninsured motorist benefits from her personal insurer for injuries caused by a co-employee in the course and scope of her employment. *Gorman*, 144 N.H. at 158. We held that RSA 281-A:8, which states that the plaintiff is conclusively presumed to have waived her common law rights against her employer and co-employee, did not bar the plaintiff's action against her own insurance carrier. *Id.* at 161. In doing so, we applied *Green Mountain* and concluded that the phrase "legally entitled to recover" meant only that the plaintiff was required to prove that the uninsured motorist was at fault for her injury. *Id.* at 159-61. In light of our reasoning today that the phrase "legally entitled to recover" contained in New Hampshire's uninsured motorist statute and conforming insurance policies is clear and unambiguous and that the claimant cannot prevail against the insurer if the action against the uninsured motorist is barred, we must overrule *Gorman*.

In overruling *Gorman*, we note that a majority of jurisdictions that have addressed the issue hold, as Chief Justice Brock suggested in his dissent in *Gorman*, that an insured is not "legally entitled to recover" under the uninsured motorist provisions of an insurance policy if the exclusivity provisions of the workers' compensation statute would bar an action against the tortfeasor. *See Perkins v. Insurance Co. of North America*, 799 F.2d 955, 958 (5th Cir. 1986) (applying Mississippi law); *Chance v. Farm Bureau Mut. Ins. Co.*, 756 F. Supp. 1440, 1442-43 (D. Kan. 1991); *Wisman v. Rhodes & Shamblin Stone, Inc.*, 447 S.E.2d 5, 8-9 (W. Va. 1994); *Gullett v. Brown*, 820 S.W.2d 457, 457 (Ark. 1991); *State Farm Mut. Auto. Ins. Co. v. Royston*, 817 P.2d 118, 121-22 (Haw. 1991); *State Farm Mut. Auto. Ins. Co. v. Webb*, 562 N.E.2d 132, 135 (Ohio 1990) (superseded by statute); *Cormier v. Nat. Farmers U. Prop. & Cas.*, 445 N.W.2d 644, 647 (N.D. 1989); *Aetna Cas. & Sur. Co. v. Dodson*, 367 S.E.2d 505, 508 (Va. 1988); *Allstate Ins. Co. v. Boynton*, 486 So. 2d 552, 555-59 (Fla. 1986); *Hubbel v. Western Fire Ins. Co.*, 706 P.2d 111, 113-14 (Mont. 1985); *cf. Lieber v. ITT Hartford Ins. Center, Inc.*, 15 P.3d 1030, 1035 (Utah 2000); *Gardner v. Erie Ins. Co.*, 722 A.2d 1041, 1046 n. 12 (Pa. 1999); *Medders v. U.S. Fidelity and Guar. Co.*, 623 So. 2d 979, 985-89 (Miss. 1993); *Berger v. H.P. Hood, Inc.*, 624 N.E.2d 947, 950 (Mass. 1993); *Cope v. West American Ins. Co.*, 785 P.2d 1050, 1053 (Or. 1990). *But see Barfield v. Barfield*, 742 P.2d 1107,

1112 (Okla. 1987); *Torres v. Kansas City Fire & Marine Ins.*, 849 P.2d 407 (Okla. 1993).

■ Most courts reason, as we do today, that the language "legally entitled to recover" is clear and unambiguous, and that because the insurer stands in the shoes of the uninsured motorist, the claimant cannot prevail against the insurer if the action against the uninsured motorist is barred. *See, e.g., Wisman*, 447 S.E.2d at 7-8; *Royston*, 817 P.2d at 121; *Webb*, 562 N.E.2d at 134-35; *Cormier*, 145 N.W.2d at 646-47; *Dodson*, 367 S.E.2d at 508; *Boynton*, 486 So. 2d at 557-59. Some courts also reason that the purpose of the uninsured motorist statute is to protect insureds from financially irresponsible motorists. That purpose is fulfilled by placing the insured in the same position as if the uninsured motorist had been insured, not a better position. *See, e.g., Perkins*, 799 F.2d at 959; *Medders*, 623 So. 2d at 987; *Cormier*, 445 N.W.2d at 648; *Boynton*, 486 So. 2d at 557; *Hubbell*, 706 P.2d at 113. Other courts recognize that "[t]here is no reason why carriers should be refused the right to assert the very same rights and defenses available to the person whose alleged negligence they are required to indemnify." *Webb*, 562 N.E.2d at 135.

■ As we have explained, the rule we announced in *Green Mountain* and applied again in *Gorman*, that an insured is "legally entitled to recover" under the uninsured motorist provision of her own insurance policy upon proof that the alleged tortfeasor was at fault regardless of any statutory bar to recovery, was badly reasoned. Such a rule contorts the statutory language to mean "legally entitled to recover damages from the alleged tortfeasor but for the fact that the insured is statutorily barred from suing the alleged tortfeasor." Furthermore, the *Gorman* rule that the application of the statutory bar creates the uninsured motorist will often require an insurer to provide compensation to an insured despite the fact that the tortfeasor's insurance company would be entitled to assert the statutory bar as a defense. The insurer would therefore be unable to benefit from its statutory subrogation rights. *See* RSA 264:15, IV (Supp. 2001). Thus, we decline to apply the doctrine of stare decisis and hold that the phrase "legally entitled to recover," as used in the New Hampshire Uninsured Motorist statute, *see* RSA 264:15, and the uninsured motorist provision of a conforming insurance policy, does not encompass claims as to which the uninsured tortfeasor is immune from liability by reason of the Workers' Compensation Law.

■ Applying these principles to the case at bar, we conclude that because the fireman's rule applies and the plaintiff has no cause of action

against the tortfeasor and, therefore, the plaintiff is not "legally entitled to recover" damages from the uninsured motorist, she has no cause of action against the Trust for uninsured motorist benefits. *See York v. State Farm Fire & Cas. Co.*, 414 N.E.2d 423, 425 (Ohio 1980). As we have noted, New Hampshire's uninsured motorist statute is designed to compensate people injured in automobile accidents whose losses would otherwise be uncompensated because the tortfeasor lacked liability coverage or because the tortfeasor's identity was unknown. *See Soule*, 116 N.H. at 596. The underlying purpose of the statute is to provide coverage only where there is a lack of liability insurance on the part of the tortfeasor and the tortfeasor would be legally liable to the injured driver in a tort action; it does not provide coverage in all situations that might go uncompensated. The insurance policy and the statute do not apply where the substantive laws of New Hampshire, such as the fireman's rule and the workers' compensation bar, render the tortfeasor immune from liability. *See York*, 414 N.E.2d at 425.

For the foregoing reasons, we overrule *Gorman* and affirm the trial court's grant of summary judgment to the Trust.

*Affirmed.*

BROCK, C.J., sat for oral argument but did not take part in the final vote; DALIANIS, J., concurred; NADEAU, J., dissented.

NADEAU, J., dissenting. The majority approaches the interpretation of the phrase "legally entitled to recover" as a problem in semantics. I believe that to understand the meaning of this phrase in light of a statutory immunity, such as the fireman's rule, we should balance the public policies underlying the uninsured motorist statute and the particular immunity at issue. *See* 1 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 7.14, at 389 (Rev. 2d ed. 1999). It is preferable "to decide whether there is a persuasive reason why the existence of an immunity from tort liability for the uninsured motorist should mean that the insurer will not be liable under the uninsured motorist policy." *Id.*

"The purpose of the [uninsured motorist] statute is to protect policy holders against losses caused by irresponsible automobile drivers with insufficient insurance coverage to pay for the insured's injuries." *Wyatt v. Maryland Cas. Co.*, 144 N.H. 234, 239 (1999) (quotation omitted). The statute "is designed to compensate persons in automobile accidents from losses which would otherwise go uncompensated because of the tortfeasor's lack of liability coverage or because of the tort-feasor's unknown identity." *Soule v. Stuyvesant Ins. Co.*, 116 N.H. 595, 596 (1976). The

underlying purpose of the statute, therefore, is to compensate the insured, not to protect the insurer's right to subrogation from the tortfeasor.

It is entirely consistent with this public policy to permit the plaintiff police officer to recover uninsured motorist benefits from the town's insurer. The plaintiff was injured as a result of the negligence of an individual who could not compensate her because the individual lacked insurance. This is precisely the type of injury that the uninsured motorist statute is designed to address.

The fireman's rule is intended to encourage members of the public to request assistance from public safety officers without fear of incurring liability for doing so. *Akerley v. Hartford Ins. Group*, 136 N.H. 433, 437 (1992). The rule reflects the fundamental unfairness in asking "the citizen to compensate public safety officers, already engaged at taxpayer expense, a second time for injuries sustained while performing the very service which they are paid to undertake for the citizen's benefit." *Id.* (quotation, ellipsis and brackets omitted). "The rule supports the principle that *societal responsibility* is a better, surer, and fairer recourse for a public officer or fireman injured in the line of duty than the possibility of tort recovery." *Id.* (emphasis added).

It is also entirely consistent with the fireman's rule to permit the plaintiff to recover uninsured motorist benefits from the town's insurer. Permitting her to recover these benefits would not discourage members of the public from requesting help from public safety officers and would enable the town to fulfill its "societal responsibility" to provide a "better, surer, and fairer recourse" for her.

Thus, I would permit the plaintiff to recover uninsured motorist benefits even though she could not have recovered directly from the uninsured tortfeasor in a negligence action because of a policy consideration which is not advanced by denying recovery in this case.

This result is consistent with numerous cases from other jurisdictions. *See, e.g., State Farm Auto. Ins. Co. v. Baldwin*, 470 So. 2d 1230 (Ala. 1985) (although uninsured tortfeasor could have relied upon statutory immunity as a defense, given legislative policy behind uninsured motorist statute, defense is unavailable to insurer); *Borjas v. State Farm Mut. Auto. Ins. Co.*, 33 P.3d 1265 (Colo. Ct. App. 2001) (insured may recover uninsured motorist benefits even though police officer who caused injuries was immune from liability under Colorado Governmental Immunity Act); *Watkins v. United States*, 462 F. Supp. 980 (S.D. Ga. 1977) (widow of serviceman killed when motorcycle collided with bus driven by government employee may recover uninsured motorist benefits even though Federal Drivers Act precluded recovery from bus driver), *aff'd per curiam*, 587 F.2d 279 (5th Cir. 1979); *Williams v. Holsclaw*, 495 S.E.2d 166

(N.C. Ct. App.) (plaintiff's uninsured motorist carrier could not raise defense of sovereign and public officer immunity; barring compensation to motorists based solely upon fortuity of being rear-ended by a municipal vehicle is contrary to the remedial purpose of the uninsured motorist statute and does not advance rationale supporting sovereign immunity doctrine), *aff'd per curiam*, 504 S.E.2d 784 (N.C. 1998).

The majority's reliance upon *York v. State Farm Fire & Casualty Co.*, 414 N.E.2d 423 (Ohio 1980), is misplaced. In *York*, the tortfeasor was a firefighter who was *insured* under the city's policy. When the injured parties sought compensation from the city's insurer, the insurer denied coverage because the city was immune from liability. The court ruled that the insurer could use the city's immunity as a defense because to do so would uphold the policy underlying the uninsured motorist statute. As the court explained, "The uninsured motorist coverage is to apply only in those situations in which the 'lack of liability insurance' is the reason the claim goes uncompensated, and not when the claim goes uncompensated because of the lack of liability due to the substantive laws of [the state]." *Id.* at 425.

I believe that the majority also errs by implying that the exclusivity provisions of the Workers' Compensation Law and the tort immunity provided by the fireman's rule are analogous. While the fireman's rule precludes an insured from receiving *any* redress for his or her injuries, the exclusivity provisions of the Workers' Compensation Law do not. *See, e.g.*, *Allstate Ins. Co. v. Wyman*, 807 F. Supp. 98, 100 (D. Haw. 1992) (barring recovery of uninsured motorist benefits for injury compensable by workers' compensation reinforces "legislative choice to substitute workers' compensation benefits for tort remedies" and prohibits injured party from receiving double recovery, while barring receipt of benefits in context of interspousal immunity neither furthers Hawaii public policy nor results in double recovery); *Perkins v. Insurance Co. of North America*, 799 F.2d 955, 961 (5th Cir. 1986) (construing Mississippi law) (distinguishing cases involving tort immunities because they involve complete denial of recovery, while under workers' compensation act, injured party entitled to recover workers' compensation benefits); *Cormier v. Nat. Farmers U. Prop. & Cas.*, 445 N.W.2d 644, 647-48 (N.D. 1989) (distinguishing cases based upon interspousal tort immunity because that immunity deprives injured party of any claim whatsoever, while plaintiff with injury compensable by workers' compensation act may seek redress for injuries under act).

I do not believe that we should treat all substantive defenses that could be asserted by the uninsured tortfeasor alike or adopt a uniform rule that permits the insurer to assert any such defense to bar a plaintiff's recovery of uninsured motorist benefits. Rather, I believe that we should weigh the

policy and goals of the defense against those of the uninsured motorist statute to determine whether permitting the insurer to assert the defense, in the context of a specific case, would be consistent with these policies and goals.

Because I believe preventing recovery in this case by allowing the insurer to assert the fireman's rule as a defense is inconsistent with the legitimate public policies and goals behind the uninsured motorist statute, respectfully, I dissent.