Rockingham
No. 2001-056

THE ESTATE OF GEORGE LIBBY

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Argued: February 13, 2002
Opinion Issued: April 17, 2002

*Coughlin, Rainboth, Murphy & Lown, P.A.*, of Portsmouth (*Michael P. Rainboth* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Gordon A. Rehnborg, Jr.* and *Donna-Marie Cote* on the brief, and *Mr. Rehnborg* orally), for the defendant.

DUGGAN, J. The plaintiff, the estate of George Libby, appeals a decision of the Superior Court (*Coffey*, J.) declaring a "government vehicle" exclusion clause valid and enforceable. The exclusion clause is included in the uninsured motorist provision of two policies issued by the defendant, State Farm Auto Insurance Company. We dismiss the appeal.

On January 5, 1999, George Libby, an employee of the Portsmouth Naval Shipyard, was fatally injured when struck by a motor vehicle owned by the United States Navy and operated by a co-employee. The plaintiff

applied for and received work injury compensation benefits for federal employees. *See* 5 U.S.C.A. §§ 8101-8193 (1996). Under the federal work injury compensation statute, the plaintiff is barred from bringing an action for damages against Libby's employer or co-employee. *See* 5 U.S.C.A. § 8173.

The plaintiff requested that the defendant, Libby's personal automobile insurance carrier, provide coverage under the policies' uninsured motorist provision. On August 19, 1999, the defendant denied coverage for two reasons. First, the defendant said that the vehicle involved in the accident is not an uninsured vehicle as defined by the policies because the federal work injury compensation statute bars the plaintiff from bringing an action against either the owner or operator of the vehicle and therefore the plaintiff is not legally entitled to recover from the owner or operator of the vehicle. Second, the defendant denied coverage because the United States Navy owned the vehicle, and the "policy clearly states that [uninsured motor vehicle] shall not include any land motor vehicle owned by 'the United States of America, Canada, a state, a political subdivision of any such government, or an agency of any of the foregoing.'"

On September 2, 1999, we decided *Gorman v. National Grange Mutual Insurance Co.*, 144 N.H. 157 (1999). The plaintiff in *Gorman*, like the plaintiff in this case, sought to recover uninsured motorist benefits from her personal insurer for injuries caused by a co-employee in the course of her employment. *Id.* at 158. The uninsured motorist policy at issue in that case provided coverage for "an insured [who] is *legally entitled to recover* from the owner or operator of an uninsured motor vehicle." *Id.* at 159 (quotations omitted). We observed that the phrase "legally entitled to recover" as used in an uninsured motorist policy referred to whether the owner or operator of the uninsured motor vehicle was at fault. *Id.* at 159. Accordingly, in *Gorman*, we held that "the insured's right to recover will depend on her ability to establish fault on the part of the alleged tortfeasor." *Id.* (brackets omitted). Because her right to coverage under her uninsured motorist policy depended upon her ability to establish fault, we further held that the State workers' compensation law, which provides that a plaintiff is conclusively presumed to have waived her common law rights against her employer and co-employee, did not prevent the plaintiff from obtaining coverage. *Id.* at 161. The plaintiff, in this case, is similarly barred from bringing an action for damages against Libby's employer or co-employee. Therefore, following our decision in *Gorman*, the federal work injury compensation statute did not prevent the plaintiff from obtaining coverage under Libby's uninsured motorist policies; whether the plaintiff was entitled to coverage depended upon its ability to establish fault on the part of the alleged tortfeasor. Following our decision in

*Gorman,* however, the defendant continued to deny that the plaintiff is entitled to coverage based upon the "government vehicle" exclusion.

In January 2000, the plaintiff filed a declaratory judgment action in superior court, *see* RSA 491:22 (1997), asserting a claim for coverage under the uninsured motorist provision. In response, the defendant filed a motion for summary judgment arguing "the plain and unambiguous language of the policies exclude a government vehicle from constituting an 'uninsured motor vehicle.'" The plaintiff filed a cross-motion for summary judgment contending that the "government vehicle exclusion is contrary to the Financial Responsibility Act, [and therefore] it should not be enforced." The superior court ruled that based upon the "government vehicle" exclusion, "and in the absence of any express statutory mandate to the contrary," the plaintiff was not entitled to coverage, and therefore granted the defendant's motion for summary judgment. On February 1, 2001, the plaintiff filed this appeal.

On January 11, 2002, prior to oral argument in this case, we decided *Matarese v. New Hampshire Municipal Association Property-Liability Insurance Trust, Inc.,* 147 N.H. 396 (2002). In *Matarese,* we overruled *Gorman* and held instead "that the phrase 'legally entitled to recover' contained in New Hampshire's uninsured motorist statute and conforming insurance policies is clear and unambiguous and that the claimant cannot prevail against the insurer if the action against the uninsured motorist is barred." *Matarese,* 147 N.H. at 403. Citing this holding, the defendant filed a motion to dismiss this appeal, arguing that the plaintiff "is not 'legally entitled to recover' damages from the person allegedly responsible for this accident by virtue of the bar created by the Federal [work injury compensation statute]." Therefore, the defendant contends, the plaintiff "is not entitled to maintain a claim for uninsured motorist benefits against [the defendant]." The defendant further contends that because the plaintiff is not entitled to benefits under the uninsured motorist provision, "whether the vehicle that struck him qualifies as an 'uninsured motor vehicle' is irrelevant and need not be decided by this Court at this time."

The plaintiff objected to the defendant's motion to dismiss. In its objection, the plaintiff noted that, at that time, a motion to reconsider the *Matarese* decision had been filed, and asserted that "the *Matarese* decision appears to be at odds with the legislature's clear intent with respect to the New Hampshire Uninsured Motorist statute." We deferred ruling on the defendant's motion to dismiss and allowed the parties to address the issue at oral argument. At oral argument, the plaintiff did not suggest that the *Matarese* decision should not be retroactively applied to this case; rather, the plaintiff asserted that the court should address: (1) whether the decision to overrule *Gorman* should stand; and (2) whether the

"government vehicle" exclusion violates the New Hampshire Financial Responsibility Act and public policy.

■ On February 20, 2002, the *Matarese* plaintiff's motion for reconsideration and rehearing was denied, thereby making the *Matarese* decision final. After consideration of the plaintiff's arguments in this case, we reaffirm and adopt our decision in *Matarese* and, accordingly, decline the plaintiff's invitation to reconsider whether *Gorman* should have been overruled. Because the plaintiff does not argue that *Matarese* should not be applied retroactively to this case, we hold that the phrase "legally entitled to recover" contained in Libby's policies means that the plaintiff cannot prevail in its claim for uninsured motorist coverage because, under the federal work injury compensation statute, the action against Libby's employer and co-employee is barred. Therefore, whether the "government vehicle" exclusion contained within the uninsured motorist provision violates the Financial Responsibility Act or public policy is moot and we dismiss the plaintiff's appeal.

*Appeal dismissed.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; BROCK, C.J., and DALIANIS, J., concurred; NADEAU, J., dissented.

NADEAU, J., dissenting. Respectfully, I dissent from the majority opinion for the reasons set forth in my dissent in *Matarese v. New Hampshire Municipal Association Property-Liability Insurance Trust, Inc.*, 147 N.H. 396, 405 (2002). As I stated in *Matarese*:

> I do not believe that we should treat all substantive defenses that could be asserted by the uninsured tortfeasor alike or adopt a uniform rule that permits the insurer to assert any such defense to bar a plaintiff's recovery of uninsured motorist benefits. Rather, I believe that we should weigh the policy and goals of the defense against those of the uninsured motorist statute to determine whether permitting the insurer to assert the defense, in the context of a specific case, would be consistent with these policies and goals.

*Id.* at 407. Accordingly, I believe that we cannot decide whether the federal work injury compensation statute bars the plaintiff's recovery of uninsured motorist benefits from the defendant without balancing the public policies underlying the federal statute and the uninsured motorist statute and determining whether there is a persuasive reason why the existence of an immunity from tort liability for the decedent should mean

that the defendant is not liable under the decedent's uninsured motorist policy. *Id.*